United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL PRECIADO, JR., )<br>  )<br>    Petitioner, )<br>  )<br>  v. )<br>  )<br>D. L. RUNNELS, )<br>  )<br>    Respondent. )<br>_____ ) | No. C 05-2508 MMC (PR)<br><br>**ORDER TO SHOW CAUSE;**<br>**GRANTING LEAVE TO PROCEED IN**<br>**FORMA PAUPERIS**<br><br>(Docket No. 2) |

    Petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He requests leave to proceed in forma pauperis.

### BACKGROUND

    In 2002, in Santa Clara County Superior Court, petitioner was convicted of first degree murder, attempted murder, and assault with a semiautomatic firearm. The trial court sentenced him to state prison for a term of 80 years to life. On appeal, the California Court of Appeal affirmed, and the Supreme Court of California denied the petition for review.

### DISCUSSION

A.    <u>Standard of Review</u>

    This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it

appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.      Legal Claims

Petitioner claims: (1) his conviction violates his right to due process because there was insufficient evidence that the murder and attempted murder were willful, premeditated and deliberate; (2) the trial court violated his right to due process by excluding evidence of the homicide victim's gang affiliation; and (3) his conviction violates his right to due process because there was insufficient evidence that he acted with the intent to help his accomplice shoot the victim.  Petitioner's claims, when liberally construed, are cognizable.

**CONCLUSION**

In light of the foregoing, the Court orders as follows:

1.      The Clerk of the Court shall serve by certified mail a copy of this order and the petition, along with all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California.  The Clerk shall also serve a copy of this order on petitioner.

2.      Respondent shall file with the Court and serve on petitioner, within 60 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of his receipt of the answer.

3.      In lieu of an answer, respondent may file, within 60 days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee

1  Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a
2  motion, petitioner shall file with the Court and serve on respondent an opposition or statement
3  of non-opposition within 30 days of receipt of the motion, and respondent shall file with the
4  Court and serve on petitioner a reply within 15 days of receipt of any opposition.

5      4.  Petitioner is reminded that all communications with the Court must be served on
6  respondent by mailing a true copy of the document to respondent's counsel.

7      5.  It is petitioner's responsibility to prosecute this case.  Petitioner must keep the
8  Court and respondent informed of any change of address and must comply with the Court's
9  orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure
10 to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11     6.  Upon a showing of good cause, requests for a reasonable extension of time will
12 be granted as long as they are filed on or before the deadline which they seek to extend.

13     7.  The application for leave to proceed in forma pauperis is GRANTED in light of
14 petitioner's lack of funds.

15 This order terminates Docket No. 2.

16 IT IS SO ORDERED.

17 DATED: October 18, 2005

18 _____
MAXINE M. CHESNEY
United States District Judge